GEORGE N. SPIVA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98293. Promulgated March 27, 1941.

*Ellsworth C. Alvord, Esq., Floyd F. Toomey, Esq.,* and *C. S. Dobson, C. P. A.,* for the petitioner.
*Gene W. Reardon, Esq.,* for the respondent.

OPINION.

ARNOLD: This proceeding involves a deficiency in income taxes for 1936 of $2,412.73. One of the two errors alleged was apparently abandoned by petitioner, as no evidence was offered with respect thereto. The issue to be determined is whether the income from a certain trust, paid to the beneficiaries thereof, is taxable to petitioner under section 166 of the Revenue Act of 1936. A written stipulation of facts was filed at the hearing and a further stipulation was read

into the record. We adopt the stipulated facts as our findings, but set forth only such portions thereof as we deem necessary for a proper determination of the controversy.

Petitioner resides in Joplin, Missouri, and filed his income tax return for 1936 with the collector at Kansas City, Missouri. At all times material herein he was an officer of the Conqueror Trust Co. of Joplin, Missouri, and during 1936 he was and at all times since has been its president.

On August 14, 1926, petitioner and his wife, Bessie T. Spiva, entered into a trust agreement with the Conqueror Trust Co. of Joplin, Missouri, as trustee, under which they transferred 1,200 shares of 6 percent cumulative nonvoting debenture stock of E. I. du Pont De Nemours & Co. of the par value of $100 each, in trust for the benefit of their three children, Hubert T. Spiva, Bessie Spiva Timmons and George A. Spiva, all of whom were then adults. The stock certificates transferred in trust bore the following inscription: "George N. Spiva and Bessie T. Spiva as joint tenants and not as tenants in common with the right of survivorship. 214½ West Fourth St., Joplin, Mo."

The trust instrument provided for the payment of the net income in monthly installments to the named beneficiaries, share and share alike, for a period of 20 years, at the end of which time the trust fund was to be distributed to them share and share alike. The surviving child or children were to take the income and principal of any deceased beneficiary, if no child or children survived then to the other beneficiaries. If all beneficiaries died without child or children surviving, the trust fund was to go to the donors, or either of them, or, if neither survived, to petitioner's estate and was to pass under the residuary clause of his last will and testament.

Paragraph Eighth of the trust agreement provided as follows:

The Donors expressly reserve the power to be exercised only by themselves in writing to alter, amend, modify or revoke in whole or in part the Trust hereby established and to direct the Trustee as to the disposition of the then Trust Fund.

The petitioner's wife, Bessie T. Spiva, died November 15, 1926.

On February 12, 1929, petitioner drafted and signed a proposed amendment to the trust agreement of August 14, 1926, which, after reciting that the donors had reserved "unto themselves the right to amend, modify or change said trust instrument at any time in writing"; that Bessie T. Spiva "has since died without exercising the right to revoke said instrument", and that petitioner "has no desire to change said instrument other than in this amendment provided", states:

Now THEREFORE, in consideration of the covenants in said trust instrument contained and in pursuance of the power conferred on him by said Section Eight (8) in said trust agreement, George N. Spiva, the surviving Donor, hereby waives and surrenders all right and power to further amend said instrument in whole

or in part from this date the provisions in said Section Eight notwithstanding, all other terms and conditions to remain unchanged.

During the calendar year 1936 the net income of the trust, consisting of dividends on E. I. du Pont De Nemours & Co. debenture stock, amounted to $7,020, which was paid to the beneficiaries thereof for their own use and benefit.

On December 31, 1938, the trustee, as plaintiff, filed an action in the Circuit Court of Jasper County, Missouri, under the Missouri Declaratory Judgment Act, against Hubert T. Spiva, Bessie Spiva Timmons, George A. Spiva, and George N. Spiva, defendants, in order to secure a declaration of the rights of the parties under the trust. On May 13, 1939, all of the defendants waived issuance and service of summons and voluntarily entered their appearances.

On May 22, 1939, the court:

* * * decreed, adjudged and declared that the effect of the death of Bessie T. Spiva and the execution and delivery of said written amendment of February 12, 1929, to plaintiff as trustee by defendant George N. Spiva as surviving donor of said trust now is, and at all times since death of Bessie T. Spiva and said date of February 12, 1929, has been, to constitute said trust and trust agreement irrevocable by said defendant George N. Spiva as of date of February 12, 1929, and that said trust and trust agreement is now, and has been since death of said Bessie T. Spiva and at all times since said date of February 12, 1929, irrevocable by said George N. Spiva and that plaintiff as said trustee consider and hold said trust and trust agreement as irrevocable by said George N. Spiva at all times since death of Bessie T. Spiva and said date of February 12, 1929, and administer said trust as irrevocable by said George N. Spiva acting alone and that the costs of this proceeding be taxed against plaintiff.

No appeal was taken from said decree and it has become final.

The respondent determined that the trust was revocable during 1936 and that its net income of $7,020 was taxable to petitioner under section 166 of the Revenue Act of 1936. This increase in petitioner's taxable income, together with the disallowance of certain deductions, resulted in the deficiency in controversy.

Petitioner contends that the power of revocation contained in the eighth paragraph was terminated prior to 1936 and that section 166,[1] which relates to revocable trusts, is inapplicable. Petitioner relies entirely upon the judgment of the state court as being determinative of the only issue presented. If, as a matter of law, the decision of the state court is determinative of the character of the trust, i. e.,

SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

    (1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

    (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

whether revocable or irrevocable, then this trust was irrevocable after February 12, 1929.

In *Helvering* v. *Rhodes Estate*, 117 Fed. (2d) 509, the Eighth Circuit considered the effect of two certain decrees of the Circuit Court of the County of St. Louis, and agreed with the Board, 41 B. T. A. 62, that such decrees were binding and determinative of the ownership of the property involved. Here the Circuit Court of Jasper County has determined and declared that, after the death of petitioner's wife and after the amendment of February 12, 1929, the trust was irrevocable, and should be so considered by the trustee. The donor was a resident of Missouri and his disposition of property within that state was subject to its laws. By that law the character of the trust is to be determined. *Blair* v. *Commissioner*, 300 U. S. 5. The decree of the Circuit Court of Jasper County recites that all the parties were before the court, represented by counsel or in person, that an actual controversy existed, and from the evidence adduced, found and determined that the trust was irrevocable. Since that decision has become final it can not be ignored. *Freuler* v. *Helvering*, 291 U. S. 35; *Estate of Frederick R. Shepherd*, 39 B. T. A. 38; *Susan B. Armstrong*, 38 B. T. A. 658.

The deficiency should be recomputed by eliminating the trust income from petitioner's taxable income. In all other respects respondent's determination is approved.

*Decision will be entered under Rule 50.*