TRUST A, #3586, FOR THE BENEFIT OF SARAH ESTELLE KNAPP RUSSELL AND LOUISE RUSSELL, UNDER DEED AND AGREEMENT DATED MAY 10, 1922, BY LOUISE SAVAGE KNAPP, DECEASED, CENTRAL HANOVER BANK AND TRUST COMPANY, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

TRUST C, #3588, FOR THE BENEFIT OF SARAH ESTELLE KNAPP RUSSELL AND ISABEL RUSSELL, UNDER DEED AND AGREEMENT DATED MAY 10, 1922, BY LOUISE SAVAGE KNAPP, DECEASED, CENTRAL HANOVER BANK AND TRUST COMPANY, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 101753, 101754, 101755.   Promulgated April 7, 1942.

*Charles W. Crawford, Esq.*, for the petitioners.
*Clay C. Holmes, Esq.*, for the respondent.

**OPINION.**

KERN: Respondent argues that the decision of the state court reforming the deed of George O. Knapp dated June 29, 1923, is not binding on this Board or the Federal courts when applying a Federal tax statute. We do not agree with this contention. The record discloses an action between adverse parties and a hearing on its merits. It is well settled that the decision of a state court of competent jurisdiction upon property rights, rendered in an adversary proceeding after a hearing upon the merits, is conclusive upon the Federal courts until it is reversed or overruled. *Freuler* v. *Helvering*, 291 U. S. 35; *Blair* v. *Commissioner*, 300 U. S. 5; *Susan B. Armstrong*, 38 B. T. A. 658.

That the decision of the state court in the reformation proceeding involved herein is a decision coming within the rule above stated is settled by *Hugh D. Rhodes et al., Administrators*, 41 B. T. A. 62; aff'd., 117 Fed. (2d) 509, and *George N. Spiva*, 43 B. T. A. 1174. The court decided that there had existed at all times since the execution of George Knapp's instrument in 1923 six separate trusts, not three. We consider ourselves bound to honor this decree.

Respondent argues ingeniously that, even accepting the state court's decree and recognizing the existence of six trusts, nevertheless, there were only three taxable entities. With such an argument he is attempting to bring this case within the exception recognized in cases such as *Estate of Arthur D. Forst*, 40 B. T. A. 876, and *Lewis Spencer Morris, Trustee*, 40 B. T. A. 988, where this Board refused to give application to the state court's decree solely because Congress had established its own criterion as to what claims and expenses are properly deductible for Federal tax purposes. We do not believe that Congress has ever established its own criteria for trusts to the extent of excluding as a separate taxable entity any relationship declared by state law to constitute a true trust. Consequently, the rationale of the *Forst* and *Morris* cases, *supra*, has no application whatsoever to the present controversy.

Respondent, foreseeing the possibility of the conclusions at which we have already arrived, has advanced a further argument which, if accepted, would have the effect of disallowing in part the petitioner's claims of overpayments. Respondent asserts that the evidence is not sufficient to show that two-thirds of the gain derived from sales by the trustee of the Union Carbide stock resulted from sales of shares held as a result of the original contribution of 2,000 shares made by George Knapp, pointing out that there is no proof before us to distinguish which of the shares sold was a part of those physically transferred under the 1922 instrument and which was a part of those transferred under the 1923 instrument. Inasmuch as the burden of proof lies with the petitioner in a claim such as this, respondent contends that we must hold that the sales were made out of the corpus of the trusts set up by Louise Knapp in 1922. Where evidence on behalf of the taxpayer is lacking, we would be forced to this conclusion. In the present proceedings this would mean that all of the corpora of the original trusts was sold, since those trusts contained a total of 9,233 shares, and 11,100 shares were sold. Consequently, 9233/11100 of the gain from the sales would be taxable in equal proportions to the three original trusts, instead of all the gains from all the shares sold.

This position of respondent is predicated on the proposition that we can not consider those facts found by the Supreme Court of

New York in its decree entered in the accounting action brought by the trustee against the beneficiaries of the six trusts.

We would be impressed with this argument of respondent if the accounts in question were mere formal accounts rendered in a court administering a running trust and the court's approval was entered *ex parte*. See *Edgar M. Carnrick*, 21 B. T. A. 12, 21. In the instant proceeding, however, the trusts were not testamentary trusts and thus administered under the jurisdiction of the Surrogate's Court; it was necessary for the trustee to bring an action in the Supreme Court of New York to have its accounts taken as stated and its acts and proceedings as trustee ratified and confirmed. This was not a routine formality, for the trustee was faced with the unusual situation of having administered in the form of three trusts what had been judicially determined to have been six trusts. This it had done in good faith but, as the event proved, in error; and, since the restrictions upon the powers of the trustee with regard to investments differed in the George Knapp trusts from those in the Louise Knapp trusts, it was a matter of great importance to the trustee and the beneficiaries to have definitely determined by court action what constituted the corpus of each trust in view of the actions of the trustee in regard thereto over the many years before the decree in the reformation action, and to have determined the question whether the trustee had acted correctly in reconstructing his accounts to show two-ninths of the stock sold from each of the George Knapp trusts and one-ninth from each of the Louise Knapp trusts. Accordingly, the trustee brought the action in the Supreme Court and made the beneficiaries parties defendant. After the service of summonses a guardian *ad litem* was appointed for the infant defendants, who subsequently filed a report. Upon the verified complaint and accounts of the trustee and the report of the guardian *ad litem*, the Supreme Court entered its decree approving and confirming the trustee's accounts, which, among other things, found that two-ninths of the Union Carbide & Carbon stock had been sold by the trustee from each of the George Knapp trusts.

Under the peculiar facts of this case we can not feel justified in disregarding this decree. As we have shown above, it was entered in an accounting action specially brought, adversary in nature, and involving important property rights, and after a thorough investigation by the guardian *ad litem* appointed by the court. In addition we may point out that the trustee is of necessity subject to the jurisdiction of the state courts in the administration of the various trusts. Those courts have determined that there were six trusts during the taxable year and that the securities sold were properly allocable one-ninth to each of the three petitioner trusts, and two-ninths to each of three other trusts. Unless these determinations

are recognized by us, the trustee faces a situation not only in the taxable year, but also in all later years, whereby it is bound by the state court decrees to administer a certain corpus in a certain trust, and yet with regard to its Federal tax liability as to each trust it is subject to the uncertainty of the respondent's determination, for it is apparent that a physical identification of each share that went into the several trusts is impossible. After the transfers of the stock to the trustee by both settlors the stock was divided three for one and new certificates necessarily issued, and a considerable number of shares was acquired pursuant to "rights." Under these circumstances, if the respondent determined, for example, that all of certain stock which the trustee purported to sell from each of the six trusts was, in reality, a part of the corpus of two trusts created by George Knapp, the trustee would not be able to overcome this determination by tracing back into each trust the certificates which were sold.

It is apparent to us that the state court in the accounting action gave a fair and equitable answer to the problems raised in the administration of the trusts by the decree in the reformation action. It is further apparent to us that, the decree in the accounting action being binding upon the trustee and the beneficiaries in the administration of the various trust properties, it should be accepted by the Federal taxing authorities as determining the interests of the various trusts subject to tax. This result, demanded by justice and public policy, may be reached by considering as evidence herein those facts found in the decree of the state court entered in the accounting action; and this we do for the reasons set forth above.

Accordingly, we hold that the petitioner trusts are each taxable on one-ninth of the gains derived from the sale of Union Carbide & Carbon Co. stock during the taxable year.

*Decisions will be entered under Rule 50.*