Marie Anna Eisenmenger v. Commissioner.
Eisenmenger v. Commissioner
Docket No. 99914.
United States Tax Court
1943 Tax Ct. Memo LEXIS 142; 2 T.C.M. (CCH) 676; T.C.M. (RIA) 43394; August 25, 1943
*142 Jack C. Foote, Esq., and Edgar G. Vaughan, Esq., for the petitioner. S. U. Hikon, Esq., for the respondent. MELLOTT
Supplemental Memorandum Opinion MELLOTT, Judge: Opinion was promulgated herein May 14, 1941, and published in 44 B.T.A. at page 489. Decision was entered May 16, 1941, holding that there were deficiencies in income tax of $1,847.48 and $1,610.99 for the calendar years 1936 and 1937, respectively. On August 8, 1941, petitioner filed a "REQUEST FOR SPECIAL LEAVE TO FILE MOTION TO VACATE JUDGMENT AND TO OBTAIN REHEARING." Order was entered August 11, 1941, granting petitioner's request and the decision was set aside. The "MOTION TO VACATE JUDGMENT AND TO OBTAIN A REHEARING" was ordered filed and hearing thereon was set for September 24, 1941. On that date the motion was argued, granted, and the proceeding was restored to the calendar for rehearing in due course. On July 6, 1942, the proceeding was duly called for hearing at St. Paul, Minnesota. At that time respondent filed a "MOTION TO VACATE BOARD ORDERS ENTERED AUGUST 11 AND SEPTEMBER 24, 1941, AND TO REINSTATE OPINION PROMULGATED MAY 14, 1941 AND DECISION ENTERED MAY 16, 1941." The motion *143 was denied on the same date. Thereupon counsel for the respective parties stipulated that "the original record in this case up to and including the motion filed by respondent this morning will be considered a part of the record for the purpose of the rehearing." Petitioner then offered in evidence, as Exhibit No. 11, certified copies of certain proceedings in the District Court, 2nd Judicial District, County of Ramsey, and State of Minnesota - which will be described or referred to with more particularity later herein - and rested. Respondent then called the Clerk of the District Court and one of petitioner's attorneys as his witnesses and also introduced in evidence additional court records. Thereupon he rested and the parties were given time for the filing of briefs. The issue discussed by the parties following the rehearing is the force and effect of the proceedings had in the District Court of Ramsey County, Minnesota, subsequent to the promulgation of our opinion. Petitioner's Exhibit No. 11 contains six documents, certified by the Clerk of the District Court of Ramsey County to be true and correct copies of "Petition for Confirmation of Appointment", "Order Confirming Appointment", *144 Acceptance of Appointment and Oath", "Petition", "Order for Haring" and "Findings, Conclusions of Law and Judgment." The first five documents were all filed in the office of the Clerk of the District Court on June 9, 1941. On the same date an affidavit of Vernoa Stubbs showing the mailing of a notice was also filed. Each document bears the caption "State of Minnesota, County of Ramsey, District Court, Second Judicial District. In the Matter of the Charles W. Eisenmenger Trust #1." They are all set out at length herein, exclusive of caption, signatures and purely formal parts. PETITION FOR CONFIRMATION OF APPOINTMENT OF TRUSTEES Your petitioners, Charles W. Eisenmenger, Marie Anna Eisenmenger, and Ottilie Eisenmenger petition and represent to the Court as follows: I. Your petitioners, Charles W. Eisenmenger, Marie Anna Eisenmenger and Ottilie Eisenmenger are all residents of the City of Saint Paul, Minnesota. II. On December 31, 1931, your petitioner, Charles W. Eisenmenger created a trust, known as the Charles W. Eisenmenger Trust #1, by instrument in writing, a true and correct copy of which has been filed herein and is, by this reference, made a part hereof. Under said trust *145 said Charles W. Eisenmenger, Marie Anna Eisenmenger and Ottilie Eisenmenger were appointed trustees. WHEREFORE your petitioners pray for an order of this Court in the above-entitled matter confirming their appointment as trustees under the Charles W. Eisenmenger Trust #1 pursuant to the provisions of Chapter 259, Session Laws of Minnesota for 1933. Dated May 29, 1941. [Signed and sworn to before a notary public May 29, 1941.] ORDER CONFIRMING APPOINTMENT OF TRUSTEES Upon reading the attached petition dated May 29, 1941, of Charles W. Eisenmenger, Marie Anna Eisenmenger, and Ottilie Eisenmenger praying for confirmation of their appointment as trustees under the Charles W. Eisenmenger Trust #1, and it appearing to the satisfaction of the Court that all matters set forth in said petition are just and true and that the confirmation prayed for therein should be granted, IT IS HEREBY ORDERED that the appointment of Charles W. Eisenmenger, Marie Anna Eisenmenger and Ottilie Eisenmenger as trustees under the Charles W. Eisenmenger Trust #1 be, and the same hereby is ratified and confirmed pursuant to the provision of Chapter 259 of the Session Laws of Minnesota for 1933. IT IS FURTHER *146 ORDERED that said Charles W. Eisenmenger, Marie Anna Eisenmenger and Ottilie Eisenmenger shall qualify as trustees by filing with the Clerk of this Court their acceptance in writing of their appointment and oaths as such trustees as hereby confirmed. Dated June 2, 1941. (Signed) Albin S. Pearson District Judge. ACCEPTANCE OF APPOINTMENT OF TRUSTEES AND OATH OF TRUSTEES Charles W. Eisenmenger, Marie Anna Eisenmenger, and Ottilie Eisenmenger, being first duly sworn, do hereby accept the appointment as trustees of the Charles W. Eisenmenger Trust #1 as confirmed by order of the District Court of Ramsey County, Minnesota, dated June 2, 1941, and do hereby take oath that they will faithfully and justly perform the duties of such office and trust. Dated June 9, 1943. [Subscribed and sworn to before a notary public June 9, 1943.] PETITION I. The appointment of the petitioners as trustees of the above-entitled trust has heretofore been confirmed by order of this Court dated June 2, 1941. II. Petitioner Marie Anna Eisenmenger (wife of Charles W. Eisenmenger) is life beneficiary of said trust. Petitioner Ottilie Eisenmenger (unmarried) is one of the contingent life beneficiaries of *147 said trust. Petitioner Charles W. Eisenmenger is the grantor of said trust. The other beneficiaries of said Trust are Anna Eisenmenger (unmarried), Louisa Schuldt (wife of Dr. F. Schuldt), and Emily Trudeau (widow), who are life beneficiaries after the death of Marie Anna Eisenmenger, and Frederick C. Schuldt, Jr., Louis John Schuldt, Carolyn Louise Schuldt and Mary Ann Schuldt, children of Louisa Schuldt, ultimate beneficiaries, all of whom are of age except Mary Ann Schuldt, who is nineteen (19) years of age. III. Section I of said trust reads: "The trustees shall pay to Marie Anna Eisenmenger, the wife of the grantor, for and during the term of her natural life, annually or as received, the net cash income received by them from said shares of stock." IV. Petitioners have been advised by counsel that said Section I of said trust authorizes them to distribute to said Marie Anna Eisenmenger only such income of said trust as is received by the trustees in cash, and prohibits the distribution of any income of the trust which is received in the form of property or other assets other than cash. WHEREFORE, petitioners pray: 1. That the Court by order fix a time and place at which *148 it will hear proof of the matters set forth in this petition and at which it will determine the proper construction of said trust as to the authority of petitioners, and that such order provide for notice thereof to the beneficiaries of said trust. 2. That upon such hearing the Court examine and construe the trust deed and instruct the petitioners as to the proper construction thereof. 3. That the Court grant such other relief as may be proper. Dated this 2nd day of June, 1941. [Signed Doherty, Rumble, Butler, Sullivan & Mitchell, Attorneys.] [Subscribed and sworn to by the three trustees before a notary public June 2, 1941.] ORDER FOR HEARING Charles W. Eisenmenger, Marie Anna Eisenmenger, and Ottilie Eisenmenger, trustees of the above-named trust, having filed a petition praying for a construction of said trust, IT IS ORDERED that said petition be heard at the special term at the Court House in the City of Saint Paul, County of Ramsey, State of Minnesota on Saturday, June 21, 1941, at 10 o'clock A.M. and IT IS FURTHER ORDERED that notice thereof be given by mailing a copy of this petition and this order to beneficiaries of said trust by registered mail, return receipt requested, *149 to their last known address at least ten (10) days prior to the date of said hearing. Dated June 5, 1941. (Signed) Albin S. Pearson District Judge AFFIDAVIT OF MAILING state of minnesota c/ounty of Ramsey] ss. Verona Stubbs of said County and State, being first duly sworn, deposes and says that she is a clerk of the office of Doherty, Rumble, Butler, Sullivan & Mitchell, the attorneys for the petitioners in the above-entitled matter; that on the 6th day of June, 1941, she mailed copies of the attached petition and order for hearing, by registered mail, return receipt requested, to each of the following named persons who are all of the beneficiaries of said trust, at the address stated opposite the name of each, to-wit: NAME
Mrs. Marie A. Eisenmenger
162 Cambridge Ave.,
St. Paul, Minn.
Miss Ottilie Eisenmenger
863 Osceola Ave.,
St. Paul, Minn.
Miss Anna Eisenmenger
863 Osceola Ave.,
St. Paul, Minn.
Mrs. Louisa Schuldt
55 N. Lexington Pkwy.,
St. Paul, Minn.
Mrs. Emily Trudeau
863 Osceola Ave.,
St. Paul, Minn.
Mr. Frederick C. Schuldt, Jr.
55 N. Lexington Pkwy.,
St. Paul, Minn.
Mr. Louis John Schuldt
55 N. Lexington Pkwy.,
St. Paul, Minn.
Miss Carolyn Schuldt
55 N. Lexington Pkwy.,
St. Paul, Minn.
Miss Mary Ann Schuldt
55 N. Lexington Pkwy.,
St. Paul, Minn.
(Signed) Verona Stubbs
*150 Findings of Fact, Conclusions of Law and Judgment The petition of Charles W. Eisenmenger, Marie Anna Eisenmenger, and Ottilie Eisenmenger, Trustees under the Charles W. Eisenmenger Trust No. 1, for a construction of Section I of said trust, having come on before the Court in chambers, Saturday, June 21, 1941, at ten o'clock A.M., at which time the matter was heard; service of the petition and order for hearing having been duly made on the beneficiaries named in said Trust; J. C. Foote, of Doherty, Rumble, Butler, Sullivan & Mitchell, having appeared on behalf of the Trustees, there being no other appearances. NOW THEREFORE, upon all the files and records herein, including the official Reporter's transcript of the record in the case of Marie Anna Eisenmenger v. Commissioner of Internal Revenue, Docket No. 99914, heard by the Board of Tax Appeals therein (Eisenmenger v. Commissioner of Internal Revenue, 44 B.T.A. No. 79, May 14, 1941), and after due consideration the Court makes the following: Findings of Fact I. That on December 31, 1931, Charles W. Eisenmenger created the Charles W. Eisenmenger Trust No. 1, consisting of two hundred (200) shares of the capital stock *151 of the Chamar Investment Company, a Minnesota corporation, represented by Certificate No. 7, naming Charles W. Eisenmenger, Marie Anna Eisenmenger, and Ottilie Eisenmenger as trustees. II. That the appointment of said Trustees was confirmed by this Court pursuant to law on June 2, 1941, and the acceptance of the Trustees and their oaths were in due course filed with this Court. III. That Section I of said Trust reads as follows: The trustees shall pay to Marie Anna Eisenmenger, wife of the grantor, for and during the term of her natural life, annually or as received, the net cash income received by them from said shares of stock. IV. That during the years 1936, 1937, 1938, 1939, and 1940, the Trustees received as income of the trust, dividends on the shares of stock of Chamar Investment Company constituting the corpus of the Trust in the form of cash, dividends on said stock in the form of subordinated debenture notes, and interest on such debenture notes, in the form of cash. NOW, THEREFORE, the Court makes the following: Conclusions of Law I. The words "net cash income" as used in Section I of the Charles W. Eisenmenger Trust No. 1 were intended by the grantor of the Trust *152 to, and do, refer solely to income received by the Trustees in the form of cash, and Maria Anna Eisenmenger, the beneficiary named in said Section I, is entitled to receive only such income as may be received by the Trustees in the form of cash. II. That the interest payments received in cash by the Trustees on the subordinated debenture notes received by the Trustees as dividends on the shares of stock constituting the original corpus of the trust is cash income subject to distribution to Marie Anna Eisenmenger pursuant to the provisions of Section I of said trust. III. The use of the word "net" to modify the term "cash income" as used in Section I of said Trust was intended by the grantor of the trust to, and does, authorize and direct the Trustees to retain out of the cash income received by them during any year such amount as the Trustees may reasonably estimate to be necessary for the payment of income taxes on the non-distributable items of income not in the form of cash received by them during such year, provided that when such income taxes are actually determined, any excess of the amount theretofore retained by the Trustees out of the cash income of the trust for the payment *153 of taxes over the amount actually needed is distributable to Marie Anna Eisenmenger under the terms of Section I of said Trust. Further, the term "net cash income" was intended to, and does, authorize the Trustees to pay the current expenses of the Trust out of a cash income received by them, and the amount necessary to pay such expenses is therefore not distributable under Section I of said trust to Marie Anna Eisenmenger. WHEREFORE, the Court having assumed jurisdiction of this trust, it is ORDERED that the Court keep and retain said jurisdiction now and hereafter for all purposes. FURTHER ORDERED that the Trustees be and they hereby are authorized and directed to proceed in accordance with the Conclusions of Law set forth above. (Signed) Albin S. Pearson District Judge. Dated July 3, 1941. The files in the office of the Clerk of the District Court of Ramsey County, Minnesota, indicate that there had been filed therein a transcript of the hearing before this tribunal, a copy of the opinion heretofore promulgated (44 B.T.A. 489), and copies of petitioner's and respondent's original and reply briefs filed with the Board following the original hearing. *154 Accompanying these documents was another, reading as follows: CHARLES W. EISENMENGER TRUST #1 ORGANIZATION: Organized December 31, 1931. FIRST BENEFICIARY: Section 1 of said Trust provides - "The trustees shall pay to Marie Anna Eisenmenger, the wife of the grantor, for and during the term of her natural life, annually or as received, the net cash income received by them from the said shares of stock." SHARES OF STOCK REFERRED TO: This relates to 200 shares of Chamar Investment Co. stock, being certificate #7 in name of Charles W. Eisenmenger Trust #1. INCOME RECEIVED BY TRUST #1: December 31, 1936, a dividend on 200 shares of Chamar Investment Co. stock: Cash
$1,600.00
1 Subordinated Debenture
Note dated December 31,
1936, due December 31,
1946
14,400.00
Total
$16,000.00
December 29, 1937, a dividend on 200 shares of Chamar Investment Co. stock: Cash
$2,100.00
1 Subordinated Debenture
Note dated December 31,
1937, due December 31,
1947
11,900.00
Total
$14,000.00
December 30, 1939 a dividend on 200 shares of Chamar Investment Co. stock: 1 Subordinated Debenture
Note dated December 30,
1939, due December 31,
1946
$9,000.00
These Subordinated *155 Debenture notes were canceled and reissued as follows: 1936 Note
$14,400.00
1937 Note
11,900.00
1939 Note
9,000.00
Total
$35,300.00 Were included in a new note dated January 1, 1940 bearing interest at 2 1/2% in sum of $35,300.00 maturing December 30, 1965. Interest payable semi-annually in January and July. STATEMENT OF CASH RECEIPTS AND PAYMENTS: Account of
Account of
Total
Receipts
Dividends
Interest
Received
1936
$1,600.00
$1,600.00
1937
2,100.00
$ 720.00
2,820.00
1938
1939
1940
2,511.00
882.50
3,393.50
$3,700.00
$4,113.50
$7,813.50
SUMMARY OF CASH PAYMENTS: Minnesota
Federal
P.P.
Tax
Tax
Tax
Expense
Total
1936
1937
$1,290.00
$ 45.00
$1,335.00
1938
$ 759.65
1,265.96
45.50
1,077.95
1939
391.20
579.25
107.50
1,077.95
1940
86.00
86.00
1941
8.27
66.05
$113.82
30.00
218.14
$1,159.12
$3,201.26
$113.82
$314.00
$4,788.20
Receipts
$7,813.60
Payments
4,788.20
June 18, 1941 balance
$3,025.30
MRS. EISENMENGER'S INTEREST IN CASH DIVIDENDS: A summary is presented following showing the cash receipts and payments as follows: Cash
Cash received
Dividends
Interest
Total
1936
$1,600.00
$1,600.00
1937
2,100.00
$720.00
2,820.00
$3,700.00
$720.00
$4,420.00
1938 No cash receipts
1939 No cash receipts
$4,420.00
Cash payments
Taxes
Expenses
Total
1937
$1,290.00
$45.00
$1,335.00
1938
2,025.61
45.50
2,071.11
1939
970.45
970.45
$4,286.06
$90.50
$4,376.56
$4,376.56
$ 43.44
Received 1940
Interest
$3,393.50
$3,436.94
Payments 1940-1941
Tax
$ 74.32
P.P. Tax
112.82
Expense
223.50
$ 411.64
Balance on hand June 18, 1941
$3,025.30
*156 It is true, as petitioner argues, that state law controls when the Federal taxing act, by express language or necessary implication, makes its own application dependent upon state law, Burnet v. Harmel, 287 U.S. 103; Lyeth v. Hoey, 305 U.S. 188; and an order of a state court having jurisdiction of a trust is generally determinative as to what is distributable income for the purpose of division of the tax between the trustee and the beneficiary. Freuler v. Helvering, 291 U.S. 35. "The power to transfer or distribute assets of a trust is essentially a matter of local law., Blair v. Commissioner, 300 U.S. 5, 9." Helvering v. Stuart et al., 317 U.S. 154. The rule referred to above has been applied by this tribunal in many cases. See e.g. Lawrence Fox et al., 31 B.T.A. 1181; Susan B. Armstrong, 38 B.T.A. 658; George N. Spiva, 43 B.T.A. 1174; Estate of Sallie Houston Henry, 47 B.T.A. 843; Josephine Towne Clegg, 47 B.T.A. 934; *157 and John Frederick Lewis, Jr., 1 T.C. 449 (on appeal C.C.A. 3 * ). See also Erie Railroad Co. v. Tompkins, 304 U.S. 64; Hubbell v. Helvering, 70 Fed. (2d) 668; Commissioner v. Dean, 102 Fed. (2d) 699; Plunkett v. Commissioner, 118 Fed. (2d) 644. It is also probably true that it may be applied even though the suit in the state court was instituted while the proceeding was pending before the Board or the Tax Court, which, it has been suggested, may sometimes require that "the role of ventriloquist's dummy to the courts of some particular state" be played. Richardson v. Commissioner, 126 Fed. (2d) 562. Respondent's suggestion that this, in effect, provides a taxpayer with an additional remedy, notwithstanding the provisions of Sec. 1141, I.R.C. giving exclusive jurisdiction to the Circuit Courts of Appeal to review the decisions of this tribunal is not without substance; but that seems to be wholly immaterial. Whether *158 the instant proceeding should have been reopened is beside the point. Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, indicates that an Appellate Court may reverse a judgment, correct when entered, if intervening decisions justify or require it. Decision in the instant proceeding had not become final (section 1140, I.R.C.); so we deemed it proper to grant the requested rehearing to the end that appropriate inquiry could be made as to the effect, if any, of the decision by the state court upon our decision. While a practice of litigating a question before us and then, following an adverse decision, going into a state court for the purpose of attempting to secure a contrary holding is not to be encouraged by us, we do not agree with the respondent, that such "conduct is reprehensible." The question now before us is: Is the judgment of the state court such a decision as to preclude us from passing upon the merits of the controversy as originally submitted? In other words, is a decision by us in accordance with that of the State District Court now required? In a recent case ( Francis Doll, 2 T.C. 276) we expressed the *159 opinion that a state decision, in order to have the effect now urged upon us by petitioner, "must have been entered in a proceeding whether there was a real controversy to be determined and after such trial as would properly and fully present the facts and issues." After reviewing the facts then before us it was pointed out that the actual controversy sought to be litigated in the state court had really been the identical controversy which the petitioner proposed to litigate when he filed petition before us. We said: While a hearing of some sort was had in the proceeding in the state court, the facts show that the petitioner, in his answer, admitted all of material allegations contained in the petition filed by * * * [his wife in the state court] and it is the decree entered in that proceeding that the petitioner contends is conclusive here. With that contention we do not agree. The proceeding was not a proceeding such as the Supreme Court had in mind in Freuler v. Helvering, supra. See and compare Botz v. Helvering, 134 Fed. (2d) 538; First-Mechanics National Bank of Trenton v. Commissioner, 117 Fed. (2d) 127; *160 Masterson v. Commissioner, 127 Fed. (2d) 252; and Anna Eliza Masterson, 1 T.C. 315. Since the opinion in the Doll case, supra, became extant, the parties herein have discussed it in supplemental (letter) briefs. Respondent contends it is squarely in point and furnishes ample authority for deciding the case in his favor. Petitioner denies that this is so, arguing that in the instant case a serious question of law was involved and the trustees felt impelled to have an adjudication which would be binding upon them and all the beneficiaries. The facts indicate that the proceeding relied upon by petitioner was non-adversary in fact. The trust instrument, the terms of which are set out in our earlier opinion, makes provision for the distribution of the income of a personal holding company within the intimate family group of the settlor. It is not our present purpose to repeat the discussion contained in our published opinion. It suffices to point out at this juncture that the only one having an interest adverse to petitioner was her co-trustee and husband, the grantor, who might be interested in having the court *161 declare a resulting trust in his favor as to the "non-cash" income. There was then, as there is now, small likelihood that any such contention would be made by him. Since the remaindermen were not financially interested in the "non-cash" income, the service of notice upon them (if made in accordance with the laws of the state, which will be referred to more fully later) did not result in bringing before the court anyone having an adverse interest in the issue then before it. This is borne out to some extent by the failure of any of the parties, including the settlor and the remaindermen, to make an appearance. As a matter of fact no one except the lawyers for petitioner appeared before the court. Moreover the pleadings presented no real issue. Petitioner was making, and it was intended that she should make, no contention at variance with the contention made by her as a trustee. In other words she and her associate trustees as well as the lawyers instituting the proceeding for her, were all interested in but one thing - in securing a judgment which might be used as a foil against an extant decision of this tribunal. But even if we are in error in holding that the proceeding was non-adversary *162 there are other reasons for refusing to allow it to overturn our decision. As the Circuit Court of Appeals for the Eighth Circuit recently pointed out in Otto C. Botz et al., Transferees v. Helvering, 134 Fed. (2d) 538, the "Full Faith and Credit" provision of the Constitution is applicable in Federal courts; but it "does not require recognition of a judgment if the party against whom the judgment is thus urged was not a party, or privy or appeared in the judgment suit." Respondent was not a party to the state proceeding or in privity with anyone who was a party. He had no knowledge of its filing or pendency until after it was rendered and had become final. Yet the very purpose of securing it was, if possible, to overthrow a decision which had previously been rendered in his favor. Passing respondent's argument to the effect that the real question before the court was the determination of the grantor's intent and therefore his testimony was proper and required, and passing also the fact that no showing has been made that the inventory and annual accounts required by the Minnesota Statutes have not been filed, we mention a few circumstances in connection *163 with the suit which seems to us to be more important. The Clerk of the District Court, in response to subpoena, produced the court records. Asked to "enumerate those records by description in the chronological order of the date in which they appear" he stated: "Petition for confirmation of appointment of trustees filed June 9th, 1941." According to his testimony the "Order confirming appointment of trustees dated June 2nd, 1941 [was] filed the same date, June 9th, 1941." Later he stated - "This is the petition for the appointment of the Petitioner as trustee in the above entitled trust, heretofore being confirmed by order of this Court dated June 2nd, 1941, filed June 9th, 1941. Next is an order for hearing dated - order for hearing on Saturday June 21, 1941 at 10:00 o'clock A.M. dated June 5th 1941, Albin S. Pearson, District Judge. Next is an affidavit of mailing signed by Verona Stubbs, sworn to on the 6th day of June, 1941, before Louisa N. Adams, notary public, Ramsey County, Minnesota, filed June 9th, 1941." He made no mention of any notice by publication ever having been made and the records do not indicate that any ever was made. The exhibits and documents referred to by *164 the witness bear dates coinciding with those mentioned by him; but the filing stamp of the clerk's office does not appear upon the copies before us. Petitioner's motion for rehearing and her reply brief, however, confirm that "the petition for construction of the trust agreement was dated, not filed, on June 2nd. The petition and order setting the date for hearing were presented to the court on the 5th day of June, and the order setting the date for hearing was made on that day. The petition for the construction of the trust, the order setting the day for hearing, and the affidavit of one of our employees showing the mailing of a copy of the order to all beneficiaries, pursuant to the order, were then all filed as of June 9, 1941." [1] Collectively the facts suggest several queries: Does the state statute under which petitioner was proceeding authorize the District Court to "consider the application to confirm the appointment of the trustee and specify the manner in which he shall qualify" before the petition is actually filed? Cf. Sec. 9244 Mason's Minnesota Statutes. In other words, did the courts have jurisdiction to sign the order confirming the appointment of the trustees 7 days *165 prior to the filing of the petition therefor or to order the proceeding set for hearing 4 days prior to the filing of the petition? The statute providing that "Upon the filing of such petition [i.e. petition for instructions or for a construction of the trust instrument] the court shall make an order fixing a time and place for hearing * * *" can the order of the court, signed 4 days prior to the filing of the petition, be construed to be such an order as is contemplated by the statute? Since the statute provides that "Notice of such hearing shall be given by publishing a copy of such order one time in a legal newspaper of such county at least 20 days before the date of such hearing, and by mailing a copy thereof to each party in interest then in being, at least 10 days before the date of such hearing or in such other manner as the court shall order * * *," may the publication of such notice and the mailing of the copies thereof be dispensed with? In other words does the clause "in such manner as the court shall order" refer to the service to be made upon the parties in interest or does it authorize the court to dispense with the publishing of the notice in a legal newspaper? Finally, *166 was the respondent a "part in interest then in being" within the purview of the statute? Whether the decision is "binding in rem upon the trust estate and upon the interests of all beneficiaries" is outside of our jurisdiction and is not decided. We rest our decision primarily upon the fact that the proceeding was non-adversary in character and secondarily upon a substantial doubt as to the regularity of the judgment which, we think, justifies us in failing to give it "full faith and credit," especially since respondent had not notice of any of the proceedings upon which it is based. Some of the circumstances indicating that we are justified in finding that the proceeding was non-adversary have already been set out. It may be added that the same counsel represented the taxpayer in both cases. One of them, testifying as a witness, stated: "Well, I can't say that any contention was presented to the District Court. As attorney for the trustees presenting the matter it was submitted merely on the briefs and records in the tax case, with a request that the Court construe the trust and state whether or not the income *167 in question was distributable, so that the trustees could be directed." The views expressed in our published opinion represent our best judgment upon the issue litigated before us. No useful purpose would be served by repeating them here or by re-publishing the opinion. It, by reference, is incorporated herein. In addition we hold that the state proceeding is not binding upon us. The decision heretofore entered and set aside will be re-entered in due course. Footnotes
*. TC decision affirmed by CCA-3, 141 Fed. (2d) 221↩.
1. The quotations are from "Answering Brief of Petitioner."↩